IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEATHA ROGERS, | ) | CASE NO. 1:10-CV-475 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| TRAVELERS PROPERTY CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | **OPINION & ORDER** |
| Defendant. | ) | |
| | ) | |

Now pending before the Court is Plaintiff's Motion for Leave to File An Amended Complaint (hereinafter referred to as the "Motion") (Doc. 21). This case is before the Magistrate Judge by consent of the parties (Doc. 8). Plaintiff originally filed this action in the Cuyahoga County Common Pleas Court. On March 4, 2010, Defendant filed a notice of removal based on diversity jurisdiction, transferring the case to the instant Court (Doc. 1). The Case Management Conference Order issued by Judge Kathleen O'Malley indicated that the deadline for the parties to amend the pleadings and/or to join additional parties was June 30, 2010 (Doc. 7). Judge O'Malley's order also required the parties to seek leave of Court before filing any amended pleading. Nevertheless, Plaintiff filed an amended complaint (the "Amended Complaint") on June 30, 2010, without leave of Court (Doc. 9). Plaintiff's Amended Complaint sought to add a new defendant, Mr. Drayon Gray ("Gray"), a non-diverse party, to the case. Thereafter, on September 24, 2010, Plaintiff filed a motion to remand this action to the Cuyahoga County Common Pleas Court, asserting that this Court's jurisdiction was destroyed after Gray became a party to the case (Doc. 12). Defendant filed an opposition to Plaintiff's motion to remand on October 7, 2010 (Doc. 13), and Plaintiff filed

a reply on October 15, 2010 (Doc. 15).[1]  Finally, on February 21, 2011, Plaintiff filed the instant Motion requesting that the Court grant leave to Plaintiff to accept its untimely filed Amended Complaint (Doc. 21).  The Court held a Telephone Status Conference on February 22, 2011, in which it asked the parties to file supplemental briefs addressing the propriety of Plaintiff's Motion, namely, whether Mr. Gray was a necessary and/or indispensable party to this action.  Both parties filed briefs arguing this issue (Docs. 22 & 24).

Upon review of the docket and the parties' briefs on the issue, the Court DENIES Plaintiff's Motion (Doc. 21).  Plaintiff's Amended Complaint seeks to join Gray to this case, alleging that he "may claim an interest in the subject of this litigation" (Pl.'s Am. Compl. at ¶ 40).  Plaintiff avers that Gray is the heir to Leroy Gray, now deceased, whom Plaintiff alleges gifted her the underlying insured property.  As an initial matter, the Court notes that the parties' reliance upon Federal Rule of Civil Procedure 19(a) in support of its respective arguments is somewhat misplaced.  Rule 19 governs the required joinder of parties, but limits is application to the joinder of parties who "will not deprive the court of subject-matter jurisdiction."  Fed. R. Civ. Proc. 19(a)(1).  Because joinder of Gray would deprive the Court of jurisdiction, this rule is inapplicable to the facts of this case.

Instead, the Court must analyze the Motion under Federal Rule of Civil Procedure 15(a) which governs a party's right to amend its pleadings before trial.  Fed. R. Civ. P. 15(a).  Under Federal Rule of Civil Procedure 15(a)(2), a party must obtain the opposing party's written consent or leave of court before filing an amended pleading.  *Id*.  Although the rule states that "[t]he court should freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the "decision whether

---

[1] Defendant's also filed a Motion for Leave to File a Sur-Reply Brief on November 18, 2010 (Doc. 15).  The Court will address this Motion later in its Order.

to permit [an] amendment is committed to the discretion of the trial court." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp.2d 807, 823 (N.D. Ohio 2008). Furthermore, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). While the Sixth Circuit has not yet addressed how courts should apply 28 U.S.C. § 1447(e), other district courts in this circuit agree that a court should consider: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *City of Cleveland*, 571 F. Supp.2d at 823; *Bridgepointe Condos., Inc. v. Integra Bank Nat'l Ass'n*, No. 08-475, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009); *Borowicz v. Alza Corp.*, No. 1:09-cv-00785, 2009 WL 1797879, at *3 (N.D. Ohio June 24, 2009).

After applying these factors to the case *sub judice*, the Court finds that Plaintiff's Motion should be denied. First, the Court must determine the extent to which the purpose of the amendment is to defeat federal jurisdiction. Plaintiff contends that she seeks to join Gray because Defendant contests whether Plaintiff is the owner of the underlying insured property. Plaintiff avers that Gray is not being joined to defeat diversity jurisdiction, but to quiet the issue of ownership of the property. On the other hand, Defendant maintains that while it is their belief that Plaintiff is not the owner of the subject property, its pleadings have never alluded that Gray is the rightful owner of the property at issue. Based on the facts presented to the Court, it is unclear whether Plaintiff's stated reasons are its true motive behind seeking to join Gray to this case. It is clear that this is not a case such as in *City of Cleveland*, where denial of the plaintiff's motion was proper because the plaintiff admitted

3

that its purpose in adding non-diverse parties was to defeat diversity jurisdiction. 571 F. Supp.2d 807. However, because Defendant's filings have not expressly implicated Gray, and for reasons stated in greater detail below, it is not essential for Gray to be a party to the case rather than a witness. The Court also notes that Plaintiff filed its motion to remand just three months after filing its Amended Complaint without leave of Court. Accordingly, the Court finds that the first factor weighs slightly against Plaintiff.

Next, the Court must consider whether Plaintiff was dilatory in seeking amendment. Plaintiff originally filed this action on January 20, 2010 (Doc. 1-1); Defendant filed its answer on March 10, 2010 (Doc. 4). Although filed improperly without the Court's permission, Plaintiff nonetheless filed its Amended Complaint by the Court's deadline of June 30, 2010. But for Plaintiff's alleged inadvertent mistake in failing to seek leave, its amendment would have been timely. As such, the Court finds that this factor does not weigh against Plaintiff.

In analyzing the third factor, the Court concludes that denying Plaintiff's Motion will not prejudice Plaintiff because Gray is not a necessary party to this action. The Court can accord complete relief to the parties without Gray's joinder. Denial of Plaintiff's Motion to join Gray will not preclude or hinder Plaintiff from presenting evidence to establish her ownership of the subject property, or from calling Gray as a witness to refute any claim by Defendant that Gray is the owner. Additionally, regardless of Gray's status in this case, it is Plaintiff's burden to prove that she is entitled to judgment. Denial of Gray's joinder puts no higher burden on Plaintiff to prove her claim. It is also important to note that any judgment in this case will not expose Plaintiff to inconsistent obligations should Gray initiate a claim against her in the future. The Sixth Circuit recently explained that inconsistent obligations "arise only when a party cannot simultaneously comply with

the orders of different courts." *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 282 (6th Cir. 2009). Despite whether Plaintiff prevails in this case, by the very nature of her suit, any judgment entered will not impose any obligation on Plaintiff. Therefore, the Court rejects Plaintiff's claim that future litigation may expose Plaintiff to inconsistent obligations.

Lastly, several equitable factors weigh in favor of denying Plaintiff's motion. First, the Court takes notice that Gray executed a waiver of service on August 18, 2010 (Doc. 11), but to date has failed to make an appearance or file an answer to Plaintiff's declaratory judgment claim against him. While Plaintiff's Amended Complaint avers that Gray "may claim an interest" in this litigation, Gray's failure to participate thus far, suggests to the Court that he does not claim an interest in the underlying property – at least certainly not an interest significant enough to warrant his joinder to this action. To whatever extent Gray may claim an interest in the underlying property, his rights will not be prejudiced by the outcome of this case. He would still be able to assert his claims, if any, against Plaintiff in the future.

Additionally, the Court agrees with Defendant that failing to join Gray to this action will not expose Defendant to inconsistent obligations because Gray does not have standing to sue Defendant. The insurance policy at issue was executed solely between Plaintiff and Defendant. Although there is a provision in the policy providing coverage for property owned by others, Defendant maintains that Plaintiff failed to invoke such coverage, and had she requested such, her actions would have inherently admitted that she did not own the subject property. As a consequence, the Court agrees with Defendant that it is unlikely that Gray would have standing to sue Defendant pursuant to this provision of the policy because at all relevant times, Plaintiff has maintained that she was the owner of the property underlying this action.

The Court also concludes that absent a more substantial showing, it would not be appropriate to allow Gray's joinder, as there is nothing of record that distinguishes him from any number of conceivable claimants who may potentially have an interest in the property at issue. Thus, several equitable factors weigh in favor of denying Plaintiff's Motion.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File An Amended Complaint (Doc. 21) and Plaintiff's Motion to Remand (Doc. 12). Defendant's Motion For Leave to File a Sur-Reply Brief (Doc. 15) and Plaintiff's Motion to Supplement its Brief In Support of Plaintiff's Motion for Leave (Doc. 22) are **DENIED AS MOOT**.

A Status Teleconference is scheduled for Thursday, April 7, 2011, at 10:00 a.m. to discuss the need for new discovery and dispositive motion deadlines and to set a trial date. Plaintiff shall initiate the call and then contact the Court at 330-252-6170.

IT IS SO ORDERED.

    */s Kenneth S. McHargh*
KENNETH S. MCHARGH
U.S. MAGISTRATE JUDGE

Date: March 25, 2011.